**Ruzanna BABAYAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74261.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 24, 2004.

Decided Feb. 1, 2005.

Ruzanna Babayan, c/o Law Offices of Asbet A. Issakhanian, Glendale, CA, pro se.

Colleen M. Kennedy, O'Melveny & Myers, LLP, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office Of The District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Don G. Scroggin, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, GOODWIN, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Ruzanna Babayan, a native citizen of Armenia, petitions for review of the BIA's denial of application for asylum, withholding of deportation and relief under the Convention Against Torture. Any due process challenge to the BIA's summary affirmance of the IJ's decision is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.2003).

We placed this petition in our pro bono program and appointed counsel for petitioner. Counsel's brief ably contends that: (1) the IJ erred in finding that Petitioner lacked credibility; and (2) the IJ should have found, based on Petitioner's credible testimony, that the threats Petitioner received after witnessing an execution were on account of her actual or imputed political opinion. Even assuming that Petitioner's testimony was credible, while the IJ could have made a finding of persecution on account of a protected ground on the basis of such evidence, the record did not compel the IJ to find that Petitioner established a sufficient credible nexus between the threats she testified she received and any political opinion or imputed political opinion. *See Molina–Morales v. INS*, 237 F.3d 1048, 1051 (9th Cir.2001). The IJ observed that those who allegedly threatened her had no apparent motivation with regard to her political opinion. We must uphold the denial of Petitioner's application. We are bound by the administrative findings in the absence of evidence compelling a contrary conclusion. *See INS v. Elias Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The Petitioner did not produce evidence of any likelihood that she would face torture on her return, so the record also supports denial of her application for protection under the Convention Against Torture. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir.2003).

The petition for review is DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.